FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 OCT 12 PM 3:59
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DEWAYNE SPAULDING, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 318-062 |
| CORE CIVIC; WARDEN LAUGHLIN; DEPUTY WARDEN WEBB; SARGENT FREEMAN; OFFICER JOHN DOE; and, INMATE JOHN DOE, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 6). The Magistrate Judge recommended denying Plaintiff's motion to proceed *in forma pauperis* ("IFP") and dismissing this case without prejudice because Plaintiff has accumulated three strikes under the Prison Litigation Reform Act and provided blatantly dishonest information about his prior filing history. (See doc. no. 4.) The Magistrate Judge also concluded Plaintiff had not alleged he was in imminent danger of serious physical injury such that he should be excused from paying the full filing fee despite having at least three strikes under 28 U.S.C. § 1915(g). (See id. at 3.)

Plaintiff does not deny he filed the undisclosed cases identified by the Magistrate Judge. Rather, despite claiming he did not remember the details of prior cases because he lost his legal papers during various prison transfers, Plaintiff proceeds to provide specific details about why he thinks two cases identified by the Magistrate Judge should not count against him as strikes under 28 U.S.C. § 1915(g). (Doc. no. 6, p. 1.) Plaintiff may disagree with the result in the three cases identified by the Magistrate Judge, but he provides no information to show any of the dismissals were reversed on appeal.

Plaintiff also objects to the determination he does not qualify for the imminent danger exception. (Id. at 1-2.) "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Moreover, the Eleventh Circuit requires "specific allegations of present imminent danger that may result in serious physical harm." Odum v. Bryan Cty. Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (citation omitted). Vague and conclusory allegations of imminent serious physical injury will not suffice. Margiotti v. Nichols, No. CV 3:06-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006) (citation omitted). Here, Plaintiff states in conclusory fashion he sees the inmate he alleges assaulted him on January 31, 2018, on a daily basis and must "dodge him every time." (Doc. no. 6, p. 1.) Given the lack of detail of the circumstances under which Plaintiff sees his alleged assailant, including, for instance, any mention that prison guards are not present to keep him separated from his foe, the Court agrees with the Magistrate Judge's finding that Plaintiff does not qualify for the imminent danger exception.

2

Moreover, even if Plaintiff were permitted to proceed IFP, the case is subject to dismissal as a sanction for providing dishonest information. The plain language of the complaint form explains a prisoner plaintiff must disclose his prior filing history and specifically asks if any prior case had been dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3.) As the Magistrate Judge explained, Plaintiff misstated his prior history. (Doc. no. 4, pp. 5-6.)

An incomplete description of litigation history blamed on an allegedly vague memory is not an acceptable reason to excuse dishonesty:

> The plain language of the standard complaint form is clear – asking whether Plaintiff "ever filed any lawsuit while incarcerated or detained." (citation omitted) Thus, regardless of the outcome of Plaintiff's prior lawsuits, his initiation of those lawsuits is the precise type of activity for which this prompt requires disclosure. Plaintiff failed to fully disclose the information requested about his prior lawsuits and appeals. This constitutes a lack of candor that will not be tolerated in this Court. Plaintiff attempts to explain away his lack of candor by stating that he does not have full records regarding his past cases. (citation omitted) However, Plaintiff did not make any real effort to describe his cases. . . .

Ballou v. Meadows Reg'l Med. Ctr., 6:17-CV-121, doc. no. 13, p. 9 (S.D. Ga. Oct. 10, 2017), *adopted by* doc. no. 16 (S.D. Ga. Jan. 23, 2018).

Similarly here, Plaintiff argues he should be excused from providing honest responses even though he made no real effort to describe his prior cases. However, it is incumbent on Plaintiff, who signed his complaint under penalty of perjury, to provide accurate information about his prior filing history. Plaintiff did not acknowledge filing *any* prior cases. Moreover, Plaintiff's claim rings hollow that he could not remember he had filed any lawsuits but now can provide specific details about the circumstances of dismissal of at least two of the undisclosed cases. As the case law cited in the Report and Recommendation

3

makes clear, failing to disclose prior filing history will not be tolerated, and the Eleventh Circuit has repeatedly approved of dismissing a case without prejudice as a sanction. (See doc. no. 4, pp. 4-5.)

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's request to proceed IFP, **DISMISSES** this case without prejudice, and **CLOSES** this civil action. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO ORDERED this 12th day of October, 2018, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE